JOHN L. BURRIS, Esq., SBN 69888
DEWITT M. LACY, Esq., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EVANGELINA MACIAS, an individual; ANNA LAURA MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias; MARIA DE JESUS MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias; and VICTOR MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias, | Case No.: <br><br> COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| WASTE MANAGEMENT of ALAMEDA COUNTY, INC., a corporation; JOSE CASTELLANO, individually; and DOES 1-50, inclusive, | |
| Defendants. | |

### INTRODUCTION

1.    These claims arise out of the wrongful death of Evangelina Macias.

1

Defendants' reckless and patent violations of Title 29 of the United States Code § 654 and Title 8 of the California Code of Regulations caused decedent to be run over by a front-end loader, owned and operated by defendants, on June 18, 2012. Defendants had knowledge of the reckless behavior and high risk of death created by its employees, agents, and servants. Moreover, Defendants' disregard and indifference to the high risk of serious injury caused decedent's death.

## JURISDICTION

2.      This action arises under Title 29 of the United States Code, Section 654. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of San Leandro, Alameda County, California, which is within this judicial district.

## PARTIES

3.      THE ESTATE of EVANGELINA MACIAS is represented by and through, MARIA DE JESUS MACIAS, the decedent's personal representative of the ESTATE of EVANGELINA MACIAS. Decedent, Evangelina Macias, was killed by Defendants.

4.      Plaintiff, MARIA DE JESUS MACIAS, is the daughter of Decedent EVANGELINA MACIAS is herein now and at all times mentioned herein a United States Citizens. Plaintiff brings these claims individually and as co-successor in interest for Decedent EVANGELINA MACIAS.

5.      Plaintiff, ANA LAURA MACIAS, is the daughter of Decedent EVANGELINA MACIAS is herein now and at all times mentioned herein a United States Citizen. Plaintiff brings these claims individually and as co-successor in interest for Decedent EVANGELINA MACIAS.

6.      Plaintiff, VICTOR MACIAS is the husband of Decedent EVANGELINA MACIAS is herein now and at all times mentioned herein a United States Citizen. Plaintiff brings these claims individually and as co-

successor in interest for Decedent EVANGELINA MACIAS.

7.    Defendant, WASTE MANAGEMENT of ALAMEDA COUNTY (Hereinafter "Defendant") is, and at all times herein mentioned, a corporation duly organized and existing under the laws of the State of California.

8.    Defendant, JOSE CASTELLANO (Hereinafter "Castellano"), at all times mentioned herein is sued in an individual and official capacity as an employee, agent and servant for WASTE MANAGEMENT OF ALAMEDA COUNTY.

9.    Defendant, CASTELLANO, herein is now and at all times mentioned herein a United States Citizen and a resident of the State of California.

10.    Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, and negligent supervision, management or control. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

11.    In doing the acts alleged herein, Defendants acted within the course and scope of their employment.

12.    Due to the acts and/or omissions alleged herein, Defendants acted as the agent, servant, and employee and/or in concert with each of said other defendants herein.

13.    For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California

3

law.  Plaintiffs have complied with all applicable requirements.

**FACTS**

14.     On June 18, 2012, Evangelina Macias (Ms. Macias), a 13-year traffic controller for Waste Management of Alameda County (Waste Management), was run over by a front-end loader tractor. Jose Castellano (Castellano), an employee of Waste Management, drove the front-end loader tractor over Ms. Macias' lower body.

15.     Castellano had a reputation of being a reckless driver. Waste Management had knowledge of Castellano's driving. During several safety meetings, many employees, including Ms. Macias, made complaints regarding Castellano's driving. Three months prior to her death, Ms. Macias demanded Castellano be removed as a driver. She expressed concern about the safety of her peers. Castellano constantly drove too closely to other employees. Despite such knowledge, Waste Management continued to allow Castellano to drive. Moreover, Waste Management was aware of dangerous driving by other employees and failed to discipline or correct the behavior.

16.     Employees requested two permanent traffic controllers during each shift because they were concerned about their safety. For more than two years Waste Management made promises to provide more than one traffic controller. These promises were not fulfilled until after Ms. Macias' death.

17.     On May 7, 2012, Waste Management was cited and fined by the California Occupational Safety and Health Administration (Cal/OSHA) for an accident that occurred in its Livermore site. Waste Management failed to place safety barriers, violating Cal/OSHA safety regulations. Additionally, Waste Management failed to train its employees of known hazards as required by Cal/OSHA regulations.

18.     On June 18, 2012, Ms. Macias directed incoming truck loaders within the Waste Management dumpsite in San Leandro, California. Ms. Macias wore a company sweatshirt with bright yellow reflectors. At around 3:00 p.m., Castellano entered the dumpsite driving a front-end tractor loader. Castellano

traveled with his loader buckets at a height greater than required by Cal/OSHA safety regulations. The loader bucket obstructed Castellano's visibility and he approached Ms. Macias too closely. Castellano struck Ms. Macias with the front-end loader tractor. Ms. Macias began to yell. As Castellano ran over Ms. Macias' body, other Waste Management employees began to shout at him to stop. However, Castellano could not hear the shouting and his communication radio did not function. Castellano continued to drive over Ms. Macias' body. The front-end loader shifted up and down as Castellano continued to drive over Ms. Macias' body.

19.    Waste Management did not immediately call for first aid response. Instead, management approached Ms. Macias with a small first aid kit. A medical response team arrived more than twenty minutes after Castellano finally discovered Ms. Macias' body underneath the tractor. A helicopter transported Ms. Macias to Highland Hospital in Oakland, California. Ms. Macias died from her injuries. Doctors pronounced her dead at 6:25 p.m. the same day. Ms. Macias is survived by her husband, Victor Macias, and her daughters, Maria de Jesus Macias and Anna Laura Macias.

20.    Upon investigation by Cal/OSHA, Waste Management was cited and fined for several safety violations, including: (1) failure to annually train and document the training of every employee, (2) failure to establish, implement and maintain an effective Injury Illness Prevention Program (3) failure to establish, implement, and maintain a system for ensuring the safe operation of front-end loaders, and (4) failure to implement a system of traffic controls. Cal/OSHA determined it was these violations that led to Ms. Macias' death.

**DAMAGES**

21.    As a consequence of Defendants' negligence, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

22.    Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

23. Plaintiffs are entitled to recover damages pursuant to their right of survivorship for the pain and suffering decedent endured because of Defendants' conduct.

24. Defendants' intentional and/or negligent conduct proximately deprived plaintiffs of decedent's support.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

Violation of Occupational Safety and Health Act

(29 U.S.C. § 654)

(Plaintiff, THE ESTATE OF EVANGELINA MACIAS, Against Defendants,

WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24 of this complaint.

26. Defendants' above-described conduct constituted violations of the Occupational Safety and Health Act. Defendants failed to furnish decedent a place of employment free from recognized hazards. Defendants' conduct caused decedent serious physical harm. Defendants' conduct caused decedent's death.

27. Defendants failed to comply with occupational safety and health standards promulgated under Title 29 Chapter 15 of the United States Code.

28. Defendants failed to place safety barriers to protect decedent from physical harm. Castellano was an agent, employee, and servant of Defendants. Defendants had knowledge of Castellano's reckless driving. Defendants failed to adequately discipline Castellano for his reckless driving. Defendants failed to train all of its employees, as required by law. Defendants conduct caused decedent to be run over by a front-end loader tractor. Defendants caused decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

Violation of California Occupational Safety and Health Regulations

(Plaintiff, THE ESTATE OF EVANGELINA MACIAS, Against Defendants,

6

WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

(8 C.C.R. § 3664(b); 8 C.C.R. § 3203; 8 C.C.R. § 3666; 8 C.C.R. §1593)

29.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 28 of this Complaint.

30.     Defendants' conduct constituted violations of California Occupational Safety and Health Regulations. Defendants failed to instruct every employee who operates an agricultural or industrial tractor with operating instructions at least annually. Defendants failed to print copies of such instructions. Defendants failed to conspicuously post said instructions at a place frequented by drivers. Defendants failed to document the training of every employee who operates an agricultural or industrial tractor.

31.     Defendants failed to establish, implement, and maintain an effective Injury and Illness Prevention Program. Defendants failed to identify the person or persons with authority and responsibility for implementing the program. Defendants failed to include a system for ensuring employees comply with safe and healthy work practices, including recognition of employees who follow safe and healthful work practices, training and retraining programs, and disciplinary actions. Defendants failed to include a system for communicating with employees in a form readily understandable by all affected employees on matters relating to occupational safety and health, including provisions designed to encourage employees to inform the employer of hazards at the worksite without fear of reprisal. Defendants failed to provide meetings, training programs, postings, written communications, and a system of anonymous notification by employees about hazards, labor/Management safety, and health committees.

32.     Defendants permitted front-end loaders to travel without adequate visibility for the driver and stability of the equipment. Defendants drove the front-end loader at a height greater than two feet. Defendants' violations caused decedent to be run over by a tractor. Defendants' violations caused decedent serious physical harm and pain. Defendants' violations caused decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

(Negligence)

(Plaintiff, THE ESTATE OF EVANGELINA MACIAS, Against Defendants,

WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

33.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34.     Defendants failed to annually train, and document the training of, every employee who operates an agricultural or industrial tractor. Decedent gave defendants notice about occupational safety violations. Defendants failed to pursue disciplinary action for such violations. Defendants failed to place protective safety barriers on defendants' property. Defendants negligent and reckless conduct caused decedent serious physical harm. Defendants negligent and reckless conduct caused decedent's death.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

(Wrongful Death - Negligence)

(C.C.P. §§377.60 and 377.61)

(All Plaintiffs, Against Defendants, WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

35.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36.     Pursuant to C.C.P. § 377.60 a wrongful death action is brought by either the decedent's spouse, domestic partner, and or other statutorily specified family members on their own behalf, or the decedent's personal representative on their behalf, for the death of a person caused by wrongful act of another. The wrongful death action compensates specified heirs of the decedent for losses suffered because of decedent's death.

37.     Pursuant to C.C.P. § 377.34, a plaintiff in a wrongful death action is entitled to recover for his own pecuniary loss, which may include the loss of the decedent's financial support, services, training and advice, and the pecuniary value of the decedent's society and companionship.

38. Plaintiff, Victor Macias, is decedent's spouse. Plaintiffs, Maria de Jesus Macias and Anna Laura Macias, are decedent's daughters. Plaintiffs are entitled to compensation for the losses suffered because of decedent's death. Plaintiffs have lost decedent's financial support and advice. Plaintiffs have lost decedent's society and companionship.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

(Survival Action – Negligence)

(Plaintiff, THE ESTATE OF EVANGELINA MACIAS, Against Defendants,

WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

39. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. Defendants' actions invoke Plaintiffs' rights to bring a survival action Pursuant to California Civil Code Section §377.30. A survival action is filed by either the estate's personal representative or the decedent's successor-in-interest.

41. Survival actions are appropriate when the decedent did not immediately die from her injuries or if the deceased lived for a short time after the incident causing her death. Recoverable damages include but are not limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

42. Defendants' negligent conduct caused decedent severe physical harm. Defendants' negligent conduct caused decedent's death. Plaintiffs, as husband and children of decedent, are decedent's successors in interest. Decedent did not die immediately from her injuries. Decedent was run over by a front-end loader at around 3:00 p.m. Decedent was transported to Highland Hospital emergency department. Decedent was pronounced dead three hours later.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

(Negligent Infliction of Emotional Distress)

(Plaintiff, THE ESTATE OF EVANGELINA MACIAS, Against Defendants,

WASTE MANAGEMENT,

JOSE CASTELLANO and DOES 1-50)

43.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this complaint.

44.     Defendants' negligent conduct caused decedent to suffer serious emotional distress. Defendants' negligence was a substantial factor in causing decedent serious emotional distress including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

45.     Defendants' negligence caused decedent to be run over by a front-end loader. Defendants' negligently and recklessly severed decedent's legs, causing severe anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

46.     Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, plaintiffs pray for relief, as follows:

1.  For general damages in a sum to be determined according to proof;

2.  For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to

be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants;

4. For cost of suit herein incurred;

**LAW OFFICE OF JOHN BURRIS**

Dated: October 7, 2013                     /s/ John L. Burris
                                           John L. Burris, Esq.