**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EVANGELINA MACIAS, an individual; ANA LAURA MACIAS; MARIA DE JESUS MACIAS; and VICTOR MACIAS, individually and as co-successors in interest of decedent Evangelina Macias,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE MANAGEMENT OF ALAMEDA COUNTY, INC., a corporation; JOSE CASTELLANOS, individually; WASTE MANAGEMENT HOLDINGS, INC.; WASTE MANAGEMENT SECURITY, LLC; WM CORPORATE SERVICES, INC.; and DOES 1– 50, inclusive,<br><br>Defendants. | No. C 13-04648 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this wrongful-death action, defendants move to dismiss the amended complaint for failure to state a claim and for lack of subject-matter jurisdiction. To the extent stated below, the motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The hearing on February 6, 2014, is hereby **VACATED**.

## STATEMENT

The following facts are assumed to be true for the purposes of defendants' motion to dismiss. Plaintiffs are the daughters and husband of decedent Evangelina Macias. At the time

of her death, decedent was a traffic director for defendant Waste Management of Alameda County, Inc.

In addition to WMAC, defendants include WMAC employee Jose Castellanos, WMAC's parent corporation, Waste Management Holdings, Inc., and WM Corporate Services, Inc., which allegedly was identified incorrectly in the pleadings as Waste Management Security, LLC. WM Corporate Services is a wholly owned corporation of Waste Management Holdings and the entity reportedly responsible for (1) developing internal safety policies and procedures for all Waste Management corporations; and (2) monitoring and controlling the security cameras on all Waste Management corporation properties (Compl. ¶¶ 18, 19).

According to the amended complaint, decedent was fatally injured when she was run over by a front-end loader driven by Castellanos at WMAC's dumpsite in San Leandro, California. She died from her injuries that same day. WM Corporate Service's safety policy allegedly required traffic controllers to be in a protective zone to prevent serious bodily harm or death. Decedent, however, had no such protective zone from which she could safely perform her job (*id.* ¶¶ 16, 22, 23, 25).

The amended complaint asserts six claims: (1) violation of the federal Occupational Safety and Health Act; (2) violation of the California Occupational Safety and Health Regulations; (3) negligence; (4) wrongful death; (5) survival; and (6) negligent infliction of emotional distress. Defendants now move to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

**ANALYSIS**

The central issue is whether there is federal subject-matter jurisdiction. Federal courts have original jurisdiction over claims that raise a federal question or where there is a matter in controversy exceeding $75,000 between citizens of different states. 28 U.S.C. 1331, 1332(a).

The action was commenced here on the basis of federal-question jurisdiction in light of allegations that defendants violated federal OSHA laws. Federal OSHA violations, however, do not themselves create a private right of action. 29 U.S.C. 653(b)(4); *Crane v. Conoco, Inc.*,

1  41 F.3d 547, 553 (9th Cir. 1994).  Therefore, the first claim for violations of federal OSHA
2  is dismissed.

3    The only basis for exercising jurisdiction over the remaining state-law claims is
4  supplemental jurisdiction.  A district court may decline to exercise supplemental jurisdiction
5  over a state claim if "the district court has dismissed all claims over which it has original
6  jurisdiction."  28 U.S.C. 1367(c)(3).  "To decline jurisdiction under [Section] 1367(c)(3), the
7  district court must first identify the dismissal that triggers the exercise of discretion and then
8  explain how declining jurisdiction serves the objectives of economy, convenience and fairness to
9  the parties, and comity."  *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v.*
10 *Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).  The Supreme Court
11 has also instructed that "if the federal claims are dismissed before trial, even though not
12 insubstantial in a jurisdiction sense, the state claims should be dismissed as well."  *United Mine*
13 *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

14   In this action, the principles of judicial economy, convenience and fairness to the parties,
15 and comity weigh against retaining supplemental jurisdiction.  Plaintiffs filed the amended
16 complaint less than three months ago and the case remains in the early stages of litigation.
17 There has not been enough work done on this action and it is more efficient to dismiss the claims
18 than exercise supplemental jurisdiction.  Furthermore, in their opposition, plaintiffs concede
19 there is no subject-matter jurisdiction (Opp. 2).  For these reasons, the order dismisses the
20 amended complaint without prejudice.

21   Nonetheless, plaintiffs seek leave to amend under Federal Rule of Civil Procedure 15(a).
22 It is true that under this rule, a court "should freely give leave when justice so requires," but
23 the problem here is that there is no subject-matter jurisdiction at all.  Indeed, in addressing
24 Section 1653 of Title 28 of the United States Code, the Supreme Court explained that
25 amendments may be made "only [to] incorrect statements about *jurisdiction that actually*
26 *exists*, and not [to] defects in the jurisdictional facts themselves."  *Newman-Green, Inc. v.*
27 *Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (emphasis added); *see also Zee Medical Distributor*
28 *Ass'n, Inc. v. Zee Medical, Inc.*, 23 F. Supp. 2d 1151, 1157 (1998) (Judge Charles Breyer).

3

Because there is no subject-matter jurisdiction here, as conceded by plaintiffs, their request for leave to amend is **DENIED**.

Accordingly, the motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.

### CONCLUSION

To the extent stated above, the motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The hearing on February 6, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 29, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4